

# In the United States Court of Federal Claims

No. 17-1122C

(Filed: December 4, 2017)

**FILED**
DEC - 4 2017
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GREGORY ALLEN DAVENPORT,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rule 12(b)(1) Motion to Dismiss; Rejection of Sovereign Citizen Theory; Constitutional Claims Not Money-Mandating.

*Gregory Allen Davenport,* Nicholls, Georgia, *pro se* Plaintiff.

*Borislav Kushnir,* with whom were *Chad A. Readler,* Acting Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Tara K. Hogan,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

WHEELER, Judge.

Gregory Allen Davenport, a currently incarcerated *pro se* plaintiff, seeks relief in this Court, claiming that the Government "nationalized" him through his birth certificate and social security documents, thereby violating statutes and constitutional provisions. Mr. Davenport also claims to have created his own sovereign entity and renounces his United States citizenship. The Government has filed a motion to dismiss for lack of subject matter jurisdiction. Mr. Davenport has filed a motion for summary judgment. For reasons explained below, the Court GRANTS the Government's motion to dismiss and DENIES Mr. Davenport's motion for summary judgment.

7017 1450 0000 1346 0638

Background

Mr. Davenport is being held at the Coffee Correctional Facility in Nicholls, Georgia for armed robbery, aggravated assault, and related criminal charges. See Compl. at 1; see also Davenport v. Hall, No.17-148, Pet. For Writ of Habeus Corpus (S.D. Ga. Aug. 9, 2017). After filing two other federal lawsuits, Mr. Davenport filed a complaint in this Court on August 18, 2017. Dkt. No. 1.

In his complaint, Mr. Davenport alleges that the federal government nationalized him through his birth certificate and social security documents, enabling the Government to assign his property and assets to the Federal Reserve system. Compl. at 2. In order to recover said assets, Mr. Davenport demands the closure of an alleged trust account derived from the nationalization process and claims to renounce his United States citizenship. Id. at 8. In lieu of his United States citizenship, Mr. Davenport instead declares himself to be a sovereign citizen, with his own constitution, flag, anthem, and pledge. See Compl. at Ex. 5.

Mr. Davenport claims that the Government has violated the following statutes, provisions, and amendments of the United States Constitution: the Eleventh Amendment in its exercise of judicial powers; the Fourth, Fifth (due process clause), Eighth, and Thirteenth Amendments for the claimed nationalization; the International Claims Settlement Act, 22 U.S.C. § 1623; the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1604; criminal statutes within Title 18, of the United States Code; the Sherman Act, 15 U.S.C. §§ 1-2; and the Social Security Act, 42 U.S.C. § 408. See Compl. at 1-7.

Mr. Davenport seeks immediate release from Coffee Correctional Facility, $202,500,000 in damages, and closure of any accounts derived from his purported nationalization. Compl. at 7-8.

The Government filed a Rule 12(b)(1) motion to dismiss on September 27, 2017. Dkt. No. 7. The Government presents two grounds for dismissal for lack of subject matter jurisdiction. First, it argues that the Court should reject Mr. Davenport's sovereign citizen claims and demand for payment based on this theory. Def. Mot. to Dismiss at 3-4. Second, it argues that the Court lacks jurisdiction to entertain Mr. Davenport's constitutional and statutory claims. Id. at 5.

Mr. Davenport filed a response on October 10, 2017, defending his complaint and asserting a Fifth Amendment takings violation for the processing of information such as DNA and fingerprints, without compensation. Dkt. No. 9 (Pl. Resp.) at 2. The Government filed its reply to Mr. Davenport's response brief on October 19, 2017. Dkt. No. 12. Mr. Davenport then filed a sur-reply on November 2, 2017, claiming that Government counsel agreed to settlement; the Government denied this assertion on November 9, 2017. Dkt. Nos. 13, 14. On November 20, 2017, Mr. Davenport filed a motion for summary

judgment, stating that both parties agree about the important facts and again claiming that the Government agreed to settlement. Dkt. No. 15. The Court has deemed oral argument unnecessary.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, none of Mr. Davenport's claims survive the 12(b)(1) motion to dismiss.

### A. Sovereign Citizen Claim

The "sovereign citizen" movement is one in which members seek to recover money from the United States, at times claiming that the Government tricked or coerced them by using identifying information, e.g., birth certificates and social security documents, as security for the national debt. See Gravatt v. United States, 100 Fed. Cl. 279, 282-83 (2011). Proponents of the sovereign citizen theory allege that this security interest results in the creation of an individual trust account, containing that individual's profits. Id. Mr. Davenport claims to be a sovereign citizen and seeks closure of his "trust account." Compl. at 8.

The Tucker Act precludes sovereign citizen claims, as "[n]either birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties." Gravatt, 100 Fed. Cl. at 286. As such, this Court has held that claims involving the sovereign citizen theory are "nonsensical" and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A (requiring the court to dismiss claims which are frivolous, malicious, or fail to state a claim upon which relief may be granted). Id. at 286-87. As the Tucker Act precludes the sovereign citizen theory and this Court does not recognize the theory as a cognizable claim, the Court dismisses Mr. Davenport's sovereign citizen claim for lack of subject matter jurisdiction.

B. Statutory Claims

Mr. Davenport contends that the Government has violated the International Claims Settlement Act, 22 U.S.C. § 1623 for the alleged taking of property; criminal statutes within Title 18 of the United States Code for the supposed use of false documents, "deprivation of color of law", conspiracy, treason, and other acts; and the Social Security Act, 42 U.S.C. § 408 for using his social security number. Compl. at 2-6. Mr. Davenport also alleges Government violations under the FSIA, 28 U.S.C. § 1604 for purportedly subjecting him to its jurisdiction; and the Sherman Act, 15 U.S.C. §§ 1-2 for limiting his options for legal representation and trading on a fund using his birth certificate. Id. at 2, 5-6.

The Court lacks jurisdiction to review claims pursuant to the International Claims Settlement Act, which allows United States citizens to assert claims against foreign nations arising from nationalization or the taking of other property. See Gutwein v. United States, 17 Cl. Ct. 720, 721 (1989); see also 22 U.S.C. § 1623(a) (1982). Similarly, this Court does not exercise jurisdiction over criminal claims, deeming allegations of criminal acts under Title 18 of the United Sates Code improper in this Court. Stanwyck v. United States, 127 Fed. Cl. 308, 314 (2016). This Court also cannot adjudicate claims arising from the Social Security Act. Addams-More v. United States, 81 Fed. Cl. 312, 315 (2008) (citing Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990)).

Further, this Court has held that sovereign immunity claims based on the FSAI are not money-mandating. See Watkins v. United States, 2015 WL 4481234, at *4-6 (Fed. Cl. July 22, 2015). The Sherman Act, an antitrust statute, is also not money-mandating. See Akinro v. United States, 91 Fed. Cl. 650, 655 (2010). In addition to this limitation, the United States federal district courts have exclusive jurisdiction over Sherman Act allegations, so this Court may not entertain such a claim. Id.

Each of Mr. Davenport's statutory arguments is either outside of the Court's purview or is not money-mandating, as required by the Tucker Act. Therefore, this Court does not have jurisdiction to hear any of the statutory claims asserted in Mr. Davenport's complaint.

### C. Constitutional Claims

Mr. Davenport also asserts violations of his constitutional rights. In his complaint, he alleges that the nationalization process infringes upon his Fourth, Fifth, and Eighth Amendments. Compl. at 2, 3. However, this Court does not have jurisdiction over violations of these amendments, because these provisions do not invoke monetary damages. See Kenyon v. United States, 683 Fed. Appx. 945, 958 (Fed. Cir. 2017) (unpublished) (holding that the Fourth and Eighth, along with the Fifth Amendment's Due Process Clause, are not money-mandating). Mr. Davenport also mentions violations of the Eleventh and Thirteenth Amendments. Compl. at 2, 3. The Court does not have jurisdiction over these amendments either. Fullard v. United States, 78 Fed. Cl. 294, 301 n. 12 (2007); Johnson v. United States, 79 Fed. Cl. 769, 774 (2007). As a result, Mr. Davenport's constitutional claims cannot succeed.

The Fifth Amendment is unique in that, while its due process clause is not money-mandating, a Fifth Amendment takings claim may result in monetary damages. Therefore, this Court possesses jurisdiction over takings claims. See Jan's Helicopter Serv., Inc. v. F.A.A., 525 F.3d 1299, 1309 (Fed. Cir. 2008). Mr. Davenport explicitly asserts a Fifth Amendment due process violation in his complaint, claiming that the Government "unlawfully claims admiralty jurisdiction" without a valid contract. Compl. at 3. He did not, however, allege a Fifth Amendment takings claim until he filed his response. Pl. Resp. at 2 (stating that the Government "did take private property [i.e. DNA, CDNA, fingerprints, footprints, retina scans, energy, etc.] . . . without providing just compensation . . . ") In its reply, the Government rightfully notes that a party may not present new legal theories in response to a motion to dismiss. Def. Reply at 2 (citing Dakota Tribal Industries v. United States, 34 Fed. Cl. 295, 298 (1995)). The Court agrees and therefore may not rule on Mr. Davenport's Fifth Amendment takings claim.

In the event that Mr. Davenport argues that he indeed made a Fifth Amendment takings claim in his complaint, as he references this amendment twice, once generally and the next specifically identifying the due process clause, the Court will address this claim. See Compl. at 2, 3 (generally referring to the Fifth Amendment and then identifying a particular clause). In doing so, the Court finds that Mr. Davenport's argument fails for three reasons.

First, Mr. Davenport's takings claim is founded upon the sovereign citizen theory rejected by the Court. As such, it has no merit. Second, the Tucker Act confers jurisdiction in connection with claims against the United States. 28 U.S.C. § 1491(a)(1). Mr. Davenport does not, however, explain the federal government's involvement in the alleged taking of his biological information. He refers to biological information perhaps taken by

5

the state but does not explain the federal government's connection to this alleged taking. See Pl. Resp. at 2. If a plaintiff fails to specifically allege that the federal government was involved in the taking, the claim must fail for lack of subject matter jurisdiction. Taylor v. United States, 2008 WL 4925214 at *8 (Fed. Cl. Oct. 29, 2008). Further, the Court does not exercise jurisdiction over claims against individual states, so any claims that the state of Georgia, for example, effectuated a taking in this case also fail for lack of subject matter jurisdiction. See Burciaga v. People, 2017 WL 384329, at *2 (Fed. Cl. Jan 26, 2017). Lastly, Mr. Davenport alleges this taking occurred in 1991, over 26 years ago. Pl. Resp. at 2. A six-year statute of limitations applies to Fifth Amendment takings claims. 28 U.S.C. § 2501; see also Hair v. United States, 350 F.3d 1253, 1256-60 (Fed. Cir. 2003). As Mr. Davenport's takings claim surpasses the limitations period, it is again not within the Court's jurisdiction.

### D. Lack of a Contractual Relationship

Finally, the Tucker Act grants jurisdiction to this Court based on a money-mandating provision or a contractual relationship between the plaintiff and the United States. 28 U.S.C. § 1491(a)(1). As explained above, Mr. Davenport's claims fail for lack of subject matter jurisdiction as they are not grounded in money-mandating provisions or simply cannot be heard before this Court. Regarding a contractual relationship, the only other route to recovery, Mr. Davenport concedes that "no contract exists" between him and the Government. Compl. at 4. Agreeing that his claims are not based on a contractual provision with the Government, Mr. Davenport extinguishes any possibility of recovery under that theory.

### Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. Mr. Davenport's motion for summary judgment is DENIED. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge